

UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America

    Plaintiff,

vs.

John S Wolter

    Defendant.
_____/

**ORIGINAL**

CASE NO. 2:11-cv-11723-DPH-LJM

HON. Denise Page Hood

John S Wolter,
Representing Defendant
1531 Jones Drive
Ann Arbor, MI 48105
734-408-1263

Deborah A. Winslow(P63179)
Shermeta, Adams, & Von Allmen, P.C.
Attorneys for Plaintiff
P.O. Box 80883
Rochester, MI 48308
Telephone No.: (248) 519-1700
Facsimile No.: (248) 519-1701
dwinslow@shermeta.com

_____/

**FILED**
JUN 17 2011
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, John S. Wolter states as his "Answer" as follows

    1. No response required.

    2. Defendant is domiciled at 1531 Jones Drive Ann Arbor Michigan

    3. Defendant does not have information to confirm plaintiff's statement and does not have a valid original of the contract and any attachments,

    3A. Defendant does not have information to confirm plaintiff's statement and does not have a valid original of the contract and any attachments,

    3B. Defendant does not have information to confirm plaintiff's statement and does not have a valid original of the contract and any attachments,

    3C. Defendant does not have information to confirm plaintiff's statement and does not have a valid original of the contract and any attachments,

3D. Defendant does not have information to confirm plaintiff's statement and does not have a valid original of the contract and any attachments,

3(Total). Defendant does not have information to confirm plaintiff's statement and does not have a valid original of the contract, totals are far in excess of the information previously supplied by the Department of Education, defendant does not consent to the summation represented in the civil action

3(Certificate of Indebtedness). Defendant does not agree the the attached affidavit is sufficient verifying documentation. Defendant does not have information to confirm plaintiff's statement, further it appears to be incorrect with respect to the law, form, validity, and cites incorrect information, that the method of calculating interest charges is not supplied, defendant believes the depiction of the indebtedness is not correct, that defendant has not been granted or supplied all deferments, special conditions adjustments, income adjustments, health forgiveness, accounting of payments, credits, and offsets, and the interest rate cited are incorrect.

4. Defendant has believed the indebtedness to be invalid as prior events appear to have closed plaintiff's claims and defendant's responsibility to pay this debt, additionally the plaintiff making a judgment renewal of the debt therefore there is no enforceable claim, that actions by plaintiff and its representatives have damaged the defendant by taking action outside of legally permitted actions,

4A. Defendant does not agree with the statements of paragraph 3 specifically the sums, prejudgment interest, administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. - 1961 or that interest on the judgment be at the legal rate until paid in full and asserts the plaintiff's own actions negated these and damaged the defendant.

4B. Defendant asserts the plaintiff is responsible for any attorneys' as the claims are not valid,

4C. Defendant will ask for relief for actions by plaintiff outside of those legally permitted by law

Attached Sheet. That the affidavit verifying the account is not sufficient proof, that the affidavit speaks for itself and defendant will question the contents accuracy and legal conclusions,

Defendant denies that plaintiff is entitled to judgment in its favor or for any relief whatsoever, including the relief requested in paragraphs (1) through (4) of plaintiff's prayer for relief. Defendant denies any allegations in the complaint to which it did not specifically respond. Defendant reserves the right to assert any additional and further defenses and affirmative defenses as may be revealed by discovery or otherwise.

Wherefore, Defendant John S Wolter prays that this Honorable Court dismiss this Complaint and grant Defendant cost and fees for having to defend against this matter.

Respectfully submitted,
Dated: June 17, 2011.

By: _____
John S. Wolter
1531 Jones Drive
Ann Arbor, MI 48105
734-408-1263

## AFFIRMATIVE DEFENSES

Defendant, John S. Wolter, states as and for his "Affirmative Defenses" as follows

1. Plaintiff did not take any actions in Michigan or US courts to collect the indebtedness for 12 years,

2. That Plaintiff received phone calls from the Defendant that discussed the debt,

3. Defendant informed Plaintiff of serious financial distress when contacted by telephone and that defendant is destitute and receiving public assistance. That the defendant had suffered serious injury resulting in significant paralysis, permanent handicaps, and medical symptoms and conditions, that plaintiff did not provide hardship relief or forgiveness of indebtedness or reduction to meet well known criteria for low income individuals, or offer fair arbitration of indebtedness,

4. That plaintiff authorized the State of Michigan to represent its full interests and to pursue collection within the Michigan Courts and within Michigan law and custom, They obtained a default judgment in 1989 without defendant defense and allowed that judgment to toll the Michigan SOL without any formal court actions to renew that claim, Plaintiff thus had no further claim after the 1999 tolling date and there are no remaining appeals,

5. That defendant has been the subject of collection actions for 34 years while he did not benefit from the time and expense taken to attend the college and that plaintiff's activities inflicted and defendant suffered more than enough punishment, duress, and punitive actions for any conceivable damage to plaintiff for the unpaid $1500,

6. That plaintiff knew of student loan program mismanagement resulted in student aid to defendant to be delivered so late in defendant's latter academic years as to cause defendant to be homeless and living on the streets, That the defendant views this as a breach of contract with the entire program and as the basis of damage counter-claim,

7. That because of plaintiff's own actions in part prevented defendant from completing his Aerospace Engineering degree because of the status of defaulted student loans prevented school registration to complete necessary classes. This resulted in underemployment and no employment and a poor credit rating also used to determine employment qualifications. That the defendant even though bright was kept by petty consideration from having any measure of a normal employment life,

8. That Plaintiff own actions are in part responsible for the defendant's financial situation and thus contributed to defendant's inability to make payments, and that the current rush to judgment is motivated by recent political pressures and not for any real benefit for the United States considering 1 of 3 student loans can't be and are not paid on time.

9. That Plaintiff has attempted to avoid its responsibility to end collection activities by reclaiming control of the account as a ruse but were aware of the SOL tolling date and did not take necessary court actions to renew the claim,

10. That Plaintiff hired a parade of different collection agencies who ignored advisement about the expired claims and repeatedly over the last 12 years threatened of lawsuits and arbitrary actions without the benefit of normal court process and outside legally permitted actions, Plaintiff would then not take any legal actions over the 12 years, effectively plaintiff surrendered it claim again, This

sed great distress to defendant and which may form a basis for counter-claim,

11. That the plaintiff continued inappropriate collection actions and entered negative credit reports even after credit reporting companies agreed the reports were beyond the allowed reporting time frames, Plaintiff also continued the inappropriate actions after being advised of the SOL tolling of the claim, These actions also are a basis for counter-claims for inflicted damages to defendant's life and ability to earn a living, this again notes plaintiff's actions against their own interests,

12. That the effect of 34 years of excessive collection measures restricted defendant freedoms and potentials, which is against the plaintiff's own interests, to a degree that plaintiff's action amounted to placing defendant into a virtual debtor's imprisonment, Virtual imprisonment or any indebtedness imprisonment is simply not allowed under US law, This will bring forward significant arguments against imposing such long standing indebtedness claims, This is also a cause for a counter-claim,

13. That Defendant did question the account state and plaintiff and plaintiff's representatives ignored and continued collection of a baseless claim,

14. That Plaintiff did not take any legal actions for long periods of time to collect the claim,

15. That plaintiff has failed to state a claim upon which relief may be granted since the SOL has tolled,

16. That defendant will state causes for damages for plaintiff's or plaintiff's representatives breach of US laws,

17. That defendant will ask for offsets to redress for plaintiff's claims which should have been available even during the time of this civil action,

18. That the plaintiff's stated amount of the account balance does not show any individual listing of payments paid by defendant and other accounting and appears inaccurate,

19. That the affidavit verifying the account is not sufficient proof, that the affidavit speaks for itself and defendant will question the contents accuracy and legal conclusions presented within it,

20. The Summons and Complaint was written and signed in April of 2011 and otherwise appears not correctly compiled,

21. That defendant will ask for complete documentation for all account activities and complete disclosure of all papers, notes, communications, university offices paperwork, plaintiff's and plaintiff's representatives files, communications, notes, and in any form to show that plaintiff knew of significant errors in handling of defendant's student loans and collections,

23. That Plaintiff deliberately submitted inaccurate claim reports inflated unreasonably the loan damage value to enrich plaintiff's attorney's claims,

26. That Plaintiff has effectively sold the debt to a parade of collection agencies each which of was deliberately misinformed about the loan's status and which the agencies did not maintain an accurate history of interactions with defendant which doubled the level of misinformation,

27. Further, the account value is represented to the Court in excess of it real market value set in a representation agreements and attempts to use the Court process to artificially inflate the market

of the discharged account,

28. That plaintiff is aware that defendant appears to meet bankruptcy exception requirements that will allow extraordinary discharge of student loans thus plaintiff's actions may only result in further damages to the defendant without benefit to the plaintiff,

29. That plaintiff is completely aware that the Education department does not have an original documentation and files and that the University of Michigan Financial Aid office has misplaced all of defendant's files and documentation and that the State of Michigan has also lost track of defendant's files and documentations and that plaintiff is completely challenged to produce this requested materials and that this deficiency alone negates defendant's ability to seek and present a complete defense and negates all of plaintiff's claims for compensation,

30. Defendant reserves the right to add additional defenses as may be revealed during discovery.

                                        Respectfully submitted,
                                        Dated: June 17, 2011.

By: _____
John S. Wolter
1531 Jones Drive
Ann Arbor, MI 48105
734-408-1263

UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America

    Plaintiff,

vs.

John S Wolter

    Defendant.

-------------------------------------------/

CASE NO. 2:11-cv-11723-DPH-LJM

HON. Denise Page Hood

John S Wolter,
Representing Defendant
1531 Jones Drive
Ann Arbor, MI 48105
734-408-1263

Deborah A. Winslow(P63179)
Shermeta, Adams, & Von Allmen, P.C.
Attorneys for Plaintiff
P.O. Box 80883
Rochester, MI 48308
Telephone No.: (248) 519-1700
Facsimile No.: (248) 519-1701
dwinslow@shermeta.com

-------------------------------------------/

## PROOF OF SERVICE

    John S Wolter certifies that on this 17th day of June, 2011 he served the Defendant's Answer to Complaint and Affirmative Defenses upon the attorney of record:

Deborah A. Winslow(P63179)
Shermeta, Adams, & Von Allmen, P.C.
Attorneys for Plaintiff
P.O. Box 80883
Rochester, MI 48308

via First Class Mail with postage prepaid, by depositing same in the U.S. Mail in Ann Arbor, Michigan

    Respectfully submitted,
    Dated: June 17, 2011.

    By: _____
    John S. Wolter
    1531 Jones Drive
    Ann Arbor, MI 48105
    734-408-1263