UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    PLAINTIFF,

-v-

JOHN S. WOLTER,

    DEFENDANT.
_____/

CASE NUMBER: 11-11723

HON. DENISE PAGE HOOD
MAGISTRATE JUDGE LAURIE J. MICHELSON

SHERMETA, ADAMS & VON ALLMEN, P.C.
BY: DEBORAH A. WINSLOW (P63179)
Attorneys for Plaintiff
P.O. Box 80883
Rochester Hills, Michigan 48308
248-519-1700
dwinslow@shermeta.com

JOHN S. WOLTER
Defendant, In Pro Per
1531 Jones Dr.
Ann Arbor, MI 48105

_____/

**<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**
**<u>BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR</u>**
**<u>SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

|   | Pages |
|---|---|
| Table of Authorities | ii |
| Index of Exhibits | iii |
| Plaintiff's Motion for Summary Judgment | iv - v |
| Brief in Support of Plaintiff's Motion for Summary Judgment | 1 - 4 |
| I. Facts | 1 - 2 |
| II. Standard of Review | 2 - 3 |
| III. Legal Argument | 3 - 4 |
|     A. Contract Formation | 3 |
|     B. Breach of Contract | 3 |
|     C. Damages | 4 |
| IV. Defendant Has No Valid or Affirmative Defense | 4 |
| V. Conclusion | 4 |

# TABLE OF AUTHORITIES

|  | Pages |
|---|---|
| Federal Rules of Civil Procedure (FRCP) Rule 56(c) | iv, 2 |
| Celotex Corp. v. Catrell, 477 U.S. 317 at 318 (1986) | 3 |
| Matsushita Electric Industrial Co., Ltd. v Zenith Radio Corp., 475 U.S. 574, at 586 (1986) | 3 |

## INDEX OF EXHIBITS

| Identifier | Title |
|---|---|
| Exhibit 1 | Promissory Note / Contract |
| Exhibit 2 | Certificate of Indebtedness |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,         CASE NUMBER: 11-11723

      PLAINTIFF,                       HON. DENISE PAGE HOOD
                                         MAGISTRATE JUDGE LAURIE J. MICHELSON

-v-

JOHN S. WOLTER,

      DEFENDANT.
_____/
SHERMETA, ADAMS & VON ALLMEN, P.C.
BY: DEBORAH A. WINSLOW (P63179)
Attorneys for Plaintiff
P.O. Box 80883
Rochester Hills, Michigan 48308
248-519-1700
dwinslow@shermeta.com

JOHN S. WOLTER
Defendant, In Pro Per
1531 Jones Dr.
Ann Arbor, MI 48105
_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff, UNITED STATES OF AMERICA, by and through its attorneys, SHERMETA, ADAMS & VON ALLMEN, P.C., by DEBORAH A. WINSLOW, and moves this Honorable Court to grant Summary Judgment against Defendant, JOHN S. WOLTER, in accordance with Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiff respectfully asserts that there is no genuine issue of material fact in this case, such that Plaintiff is entitled to judgment as a matter of law. A brief accompanies this Motion, supported by Exhibits.

WHEREFORE, Plaintiff prays that Summary Judgment be entered against Defendant, JOHN S. WOLTER, in the amount of $4,033.95 as of January 19, 2012, plus pre-judgment interest at a variable rate per annum, plus filing costs of $350.00 with post-judgment interest to run on the unpaid judgment at the legal interest rate in effect on such date.

                              Respectfully submitted,

                              s/Deborah A. Winslow
                              SHERMETA, ADAMS & VON ALLMEN, P.C.
                              Attorneys for the Plaintiff
                              P.O. Box 80883
                              Rochester Hills, MI 48308
                              248-519-1700
                              dwinslow@shermeta.com
                              P63179

Dated: January 19, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,      CASE NUMBER: 11-11723

    PLAINTIFF,      HON. DENISE PAGE HOOD
                                                                    MAGISTRATE JUDGE LAURIE J. MICHELSON

-v-

JOHN S. WOLTER,

    DEFENDANT.
_____/
SHERMETA, ADAMS & VON ALLMEN, P.C.
BY: DEBORAH A. WINSLOW (P63179)
Attorneys for Plaintiff
P.O. Box 80883
Rochester Hills, Michigan 48308
248-519-1700
dwinslow@shermeta.com

JOHN S. WOLTER
Defendant, In Pro Per
1531 Jones Dr.
Ann Arbor, MI 48105

_____/

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    The instant case is an action to collect on delinquent student loan debts based upon breach of contract by the debtor/Defendant.

I. Facts:

    1. On or about April 11, 1977 and April 10, 1978, the Defendant, JOHN S. WOLTER, signed a promissory note to secure loans from the Student Financial Assistance Services and was

guaranteed by the U. S. Department of Education under loan guaranty programs authorized under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Promissory Notes bearing Defendant's signature is attached hereto and incorporated herein as Plaintiff's Exhibit 1.

2. The Certificates of Indebtedness is attached hereto and is incorporated herein as Plaintiff's Exhibit 2.

3. This loan was made by the United States Department of Education. (Exhibit 2, paragraph 2)

4. On or about <u>October 1, 1980</u>, the Defendant, JOHN S. WOLTER, defaulted on these student loan obligations, and the Department demanded payment. (Exhibit 2, paragraph 2).

5. As a result of accruing interest and lack of payment in full $3,895.95 was owed as of January 4, 2011. (Exhibit 2). Interest is accruing on the unpaid portion of this student loan debt at the rate of <u>7.00%</u> and a daily rate of <u>$0.36</u>. The current balance is $4,033.95 as of January 19, 2012.

II. Standard of Review:

Plaintiff relies on Rule 56(c) of the Federal Rules of Civil Procedure, which allows for Summary Judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is not the duty of the moving party to produce evidence showing the absence of a genuine issue of material fact. . . but should instead be understood as requiring the moving party to discharge his burden by showing -

- that is, pointing out to the District Court - - that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v Catrett, 477 U.S. 317 at 318 (1986).

In responding to an amply supported motion, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Electric Industrial Co., Ltd. v Zenith Radio Corp., 475 U.S. 574 at 586 (1986).

III. Legal Argument:

In this breach of contract case, the evidence proves three (3) essential elements: (A) Contract Formation; (B) Breach of Contract by Defendant; and (C) Damages.

A. Contract Formation

Plaintiff's Exhibit 1 is the written contract which sets forth the terms of the parties' agreement. By reviewing the contracts, the Defendant borrowed $1,893.74 in the form of a Guaranteed Student Loan at an interest rate of 7.00%. These Exhibits also shows that the Defendant agreed to the terms of the Contract, including the repayment and default provisions, by signing it. Therefore, there is no genuine issue of fact that a contract was formed.

B. Breach of Contract by Defendant

Plaintiff's Exhibit 2 shows that the Defendant defaulted on October 1, 1980, such that Plaintiff was forced to pay the claim in Defendant's stead. Because lack of voluntary payment constitutes default under the contract, there is no issue of fact that Defendant, JOHN S. WOLTER, breached the contracts found at Exhibit 1.

### C. Damages

The "Certificate of Indebtedness" found at Exhibit 2 shows that damages were calculated mathematically to a sum certain. Defendant offers no rebuttal to Plaintiff's calculation of damages in his responsive pleading. Because the Defendant has cast no doubt on Plaintiff's evidence, there remains no genuine issue of fact as to the amount of damages.

## IV. Defendant Has No Valid Defense or Affirmative Defense

Plaintiff respectfully asserts that Defendant, JOHN S. WOLTER, has not offered a valid defense to this collection suit in his responsive pleading.

## V. Conclusion

Contract issues specifically lend themselves to summary judgment because the terms of the agreement, standards of performance, and mathematical damages calculation leave little room for factual disputes. In this case, Plaintiff's exhibits clearly show the formation of the contract, default by the Defendant, and damages. For these reasons, Plaintiff very respectfully requests that Summary Judgment be entered against Defendant, JOHN S. WOLTER, and in favor of Plaintiff in the amount prayed for in the Complaint, plus costs and pre-judgment interest.

Dated: January 19, 2011          Respectfully submitted,

s/Deborah A. Winslow
SHERMETA, ADAMS & VON ALLMEN, P.C.
Attorneys for the Plaintiff
P.O. Box 80883
Rochester Hills, MI 48308
248-519-1700
dwinslow@shermeta.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

PLAINTIFF,

-v-

JOHN S. WOLTER,

DEFENDANT.
_____/

CASE NUMBER: 11-11723

HON. DENISE PAGE HOOD
MAGISTRATE JUDGE LAURIE J. MICHELSON

SHERMETA, ADAMS & VON ALLMEN, P.C.
BY: DEBORAH A. WINSLOW (P63179)
Attorneys for Plaintiff
P.O. Box 80883
Rochester Hills, Michigan 48308
248-519-1700
dwinslow@shermeta.com

JOHN S. WOLTER
Defendant, In Pro Per
1531 Jones Dr.
Ann Arbor, MI 48105

_____/

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2012, I electronically filed the Plaintiff's Motion For Summary Judgment and Brief in Support Of Plaintiff's Motion with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Attorney Deborah A Winslow and Linda Hakes, and mailed via USPS to non-ECF participant, JOHN S. WOLTER.

s/Deborah A. Winslow
Shermeta, Adams & Von Allmen, P.C.
P.O. Box 80883
Rochester Hills, MI 48308
248-519-1700
dwinslow@shermeta.com